UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                    )
PIERRE LABRANCHE,                   )
      Plaintiff                     )
                                    )
                                    )
      v.                            )    CIVIL ACTION
                                    )    NO. 05-10345-REK
                                    )
BARRY CONTROLS, DAVID CERQUA,       )
ARTHUR MCKINNON, DAVID              )
CARLSON, and TECHNICAL              )
PERSONNEL SERVICES,                 )
      Defendants                    )
_____)
```

**Memorandum and Order**
February 27, 2006

**I. Pending Matters**

Pending for decision are matters related to the following filing:

(1) Plaintiff's Complaint (Docket No. 1, filed February 22, 2005).


**II. Factual Background and Procedural History**

On February 22, 2005, the plaintiff, Pierre LaBranche, filed this suit against the defendants, Barry Controls; David Cerqua, an engineer with Barry Controls; Arthur McKinnon, a Barry Controls employee; David Carlson, a technician at Barry Controls; and Technical Personnel Services ("TPS"), a temporary services agency. (Docket No. 1.) The plaintiff alleges that, through TPS, he worked for Barry Controls as a Quality Engineer. (Id.) The plaintiff alleges that it was his understanding that after three months of working in this capacity for Barry Controls, he would "g[e]t the job." (Id.) The plaintiff claims that during his employment with Barry Controls,

Cerqua and McKinnon verbally abused him and insulted him with racial epithets and slurs. (Id.) The plaintiff also alleges that Carlson committed assault and battery on him and insulted him with racial epithets and slurs. (Id.)

The plaintiff claims that he reported all of these incidents to his boss, Raymond Fink, but that Fink took no action in response to his complaints. (Id.) The plaintiff also claims that he reported the alleged abuse to Human Resources but that it took no action. (Id.) It also appears that the plaintiff filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and that the EEOC denied his claim on December 2, 2004, after adopting the findings of the state or local fair employment practices agency that investigated the plaintiff's charge. (Id.) The plaintiff also allegedly reported the assault and battery to the Boston Police Department ("BPD"), and the BPD conducted an investigation. (Id.) The plaintiff states that David Carlson was then convicted of assault and battery in West Roxbury District Court. (Id.) Afterwards, Barry Controls fired the plaintiff. (Id.)

The plaintiff claims that he was not hired permanently by Barry Controls because he is Black. (Id.) The plaintiff also claims that upon his termination, Barry Controls "trashed [his] personal belongings in retaliation." (Id.) The plaintiff further claims that TPS never did anything to help him after he informed TPS of the abusive situation. (Id.) On February 22, 2005, a summons was issued as to all of the defendants.

### III. Analysis

Since the issuance of the summons to the defendants on February 22, 2005, nothing has been docketed in this action. Therefore, pursuant to Rule 41.1 of the Local Rules of

2

the U.S. District Court for the District of Massachusetts, because "no proceeding has been docketed therein for a period of one...year," I order the Clerk to mail notice to all persons who have entered an appearance in this case and to all of the parties named in the caption of this case that, unless an explanation for the lack of proceedings is filed, this case "will be dismissed without further notice thirty days after the sending of the notice." Local Rule 41.1(a)(1), (3). Accordingly, if no explanation has been filed and I do not order that the case not be dismissed, "[a]fter the thirtieth day following the sending of the notice, without order of the court the clerk shall...enter an order of dismissal....It shall not be necessary for the clerk to send additional notice of the dismissal to any counsel or party." Local Rule 41.1(a)(2).

Therefore, if the parties fail to respond to the notice of dismissal mailed to the parties on the date of this Memorandum and Order within thirty days of the sending of that notice, this case will be dismissed for want of prosecution.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) The Clerk is ordered to mail on this day notice of dismissal to all persons who have entered an appearance in this case and to those parties named within the caption of this case.

____/s/Robert E. Keeton_____
Robert E. Keeton
Senior United States District Judge
